```
 1  TRACY L. WILKISON
    Acting United States Attorney
 2  CHRISTOPHER D. GRIGG
    Assistant United States Attorney
 3  Chief, National Security Division
    GABE PODESTA (Cal. Bar No. 324011)
 4  Assistant United States Attorney
    Terrorism and Export Crimes Section
 5       1500 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-2429
 7       Facsimile: (213) 894-0141
         E-mail:    gabriel.podesta@usdoj.gov
 8
    Attorneys for Plaintiff/Respondent
 9  UNITED STATES OF AMERICA
```

10                    UNITED STATES DISTRICT COURT

11                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | Nos. CV 20-03711-CAS |
| | SA CR 14-00173-CAS |
| 13              Plaintiff/Respondent, | |
| | GOVERNMENT'S OPPOSED EX PARTE |
| 14              v. | APPLICATION FOR EXTENSION OF TIME |
| | TO FILE ITS OPPOSITION TO |
| 15  KEITH PRESTON GARTENLAUB, | PETITIONER'S MOTION TO VACATE, SET |
| | ASIDE, OR CORRECT SENTENCE; |
| 16              Defendant/Petitioner. | DECLARATION OF GABE PODESTA |

17

18       Plaintiff/Respondent United States of America, by and through

19  its counsel of record, the United States Attorney for the Central

20  District of California and Assistant United States Attorney

21  Gabe Podesta, hereby files its opposed ex parte application for a

22  court order granting a 180-day extension of time, to July 26, 2021,

23  for respondent to file its opposition to the motion to vacate, set

24  aside, or correct sentence filed by Defendant/Petitioner KEITH

25  PRESTON GARTENLAUB.

26       This application is based upon the attached declaration of

27  undersigned Assistant United States Attorney Gabe Podesta, the files

28

and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 21, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

     /s/
GABE PODESTA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**DECLARATION OF GABE PODESTA**

1. I am an Assistant United States Attorney ("AUSA") in the Central District of California. I am the attorney handling the preparation of the government's opposition to the motion to vacate, set aside, or correct sentence filed by Defendant/Petitioner Keith Preston Gartenlaub ("petitioner") in Gartenlaub v. United States, Case No. CV 20-03711-CAS and United States v. Gartenlaub, Case No. SA CR 14-00173-CAS. I make this declaration in support of the government's ex parte application for an extension of time to file its opposition.

2. On April 22, 2020, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (CV Dkt. 1; CR Dkt. No. 254[1]). Petitioner alleges that recent findings by the Department of Justice Office of the Inspector General ("OIG") suggest that the government may have violated its internal policies and procedures during the course of the investigation that gave rise to petitioner's prosecution, conviction, and sentence. (See, e.g., Petition at 20 (contending that an OIG report and memorandum suggest a "high likelihood" of a lack of diligence and accuracy on the part of the government in this investigation).) Petitioner acknowledges that the OIG review documented in the report and memorandum did not include the application the government submitted to the Foreign Intelligence Surveillance Court ("FISC") in this investigation. (See id. at 16 (noting that the OIG report related to the "Carter Page" case and

---

[1] Docket citations to Gartenlaub v. United States, Case No. CV 20-03711-CAS are denoted by "CV." Docket citations to the underlying criminal case United States v. Gartenlaub, Case No. SA CR 14-00173-CAS are denoted by "CR."

1 that the OIG memorandum documents a review of applications submitted
2 after charges were filed in this matter).)
3    3.   Petitioner thereafter filed a motion for leave to
4 supplement the Petition.  (CV Dkt. 11).  In that filing, petitioner
5 provided the Court correspondence between OIG and petitioner.  (See
6 id., Exs. C-F.).  These materials document petitioner's requests for
7 OIG to review an application submitted to the FISC in the course of
8 the FBI investigation that gave rise to this case.  (See id., Ex. D
9 (June 15, 2020 letter from OIG to petitioner describing petitioner's
10 request that the OIG "investigate a Foreign Intelligence Surveillance
11 Act application the government filed as part of its investigation
12 into the theft of material on Boeing's C-17 military transport
13 plane"), Ex. F (August 4, 2020 letter from OIG Oversight and Review
14 Division to petitioner's counsel referencing "the allegations [he]
15 presented").)  In filing these materials, petitioner argued that the
16 Court should consider the correspondence, and the fact that
17 petitioner and others sought a government investigation by OIG, in
18 evaluating the Petition.  (See id. at 2.)
19    4.   Based on petitioner's requests, OIG is reviewing the
20 allegations petitioner presented.  Accordingly, the government moves
21 for additional time to respond to the Petition to allow OIG to
22 complete its work – a review petitioner himself demanded.  As of
23 January 19, 2021, OIG anticipates that it will take at least six
24 months to review the issues petitioner raised.  Because OIG's review
25 may inform the parties' positions, the government asks that the Court
26 not evaluate the Petition until OIG completes its review.
27    5.   Based on the foregoing, the government applies for a 180-
28 day extension of time to file its opposition to the Petition, from on

or before Monday, January 25, 2021, to on or before Monday, July 26, 2021.  Should the Court grant the government's ex parte application for an extension of time, petitioner's reply brief shall be filed on or before Monday, August 23, 2021.  If the OIG review is not complete on or before Monday, July 26, 2021, the government will notify the Court and defense counsel and propose further revision to the Court's briefing schedule.

6.   Petitioner was released from custody on or about January 30, 2019.  (See Inmate Locator, available at: https://www.bop.gov/inmateloc/ (last visited January 14, 2021).) Accordingly, petitioner will not suffer prejudice by the requested extension of time.

7.   From January 19, 2021, to January 21, 2021, I conferred via email with defense counsel, Tor Eckland, and informed him that the OIG review petitioner requested is ongoing and requires additional time to complete.  Mr. Eckland indicated that petitioner nonetheless opposes the government's request for a 180-day extension to file its opposition to the Petition.  Petitioner opposes on the basis that "[OIG] discovered pervasive errors in the FISA Application process is a new material fact that by itself warrants vacating the conviction or a new trial.  The government repeatedly and falsely asserted that the FISA process was reliable and this goes directly to the reliability and credibility of the government's case and highlights the injustice of the ex parte review of evidence in this case contrary to the constitutional norms of our criminal justice system."
//
//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 21, 2021.

*Gabe Podesta*
GABE PODESTA
Assistant United States Attorney