Mark Jaffe (CA SBN 315950)
Email: mark@torekeland.com
**TORMARK LAW LLP**
2120 University Ave.
Berkeley, CA 94704
Telephone: (718) 737-7264

Tor Ekeland (*pro hac vice*)
Email: tor@torekeland.com
**TOR EKELAND, PLLC**
30 Wall Street, 8th Floor
New York, NY 10005-2205
Telephone: (718) 737-7264

*Pro Bono Attorneys for Petitioner Keith Preston Gartenlaub*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Keith Preston Gartenlaub,<br><br>Petitioner, | Case No.: 2:20-CV-03711<br><br>**OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST FOR A 6 MONTH EXTENSION** |

1

Petitioner Keith Preston Gartenlaub, through his undersigned pro bono counsel, opposes the Government's Six-Month extension request on its deadline to file its opposition to the motion to vacate, set aside, or modify his judgment and sentence. The Government has ignored previous deadlines and has had ample time to respond. The Government ignored a valid order from this Court to respond to Mr. Gartenlaub's Petition. It only responded after Petitioner moved for a Default Judgment after giving the Government over six months to respond, following service. After the Government finally appeared, the Parties agreed to a two-month continuance, with their Opposition being due on January 25, 2021. It now asks for another six months, if not more, to respond.

The Government uses the fact that the DOJ's Office of the Inspector General ("OIG") is in the process of their investigation of Mr. Gartenlaub's FISA Application as an excuse to prolong the filing of its opposition. The OIG began an investigation of Mr. Gartenlaub's FISA Application after its survey of FISA Applications revealed errors in all 29 of the applications reviewed, with an average of 20 errors per application. This led Congressman Ted Lieu and Mr. Gartenlaub to request the OIG investigate the FISA Application at the crux of this unique case.

Since August 27, 2020- the date of Petitioner's supplemental filing, nothing new has occurred. The Government has had all the facts and pleadings it needed to respond since then. The initial OIG report was the basis of Mr. Gartenlaub's habeas petition, which the Government ignored. When the OIG said it was investigating Mr. Gartenlaub's FISA Application the Court was informed via a supplemental filing, and the Government had almost five months to respond. They did not do so, choosing to ignore Mr. Gartenlaub's petition and the Court's order that it respond in two weeks. Now, after being given ample time once Petitioner withdrew his Motion for a Default Judgment, for the first time, the Government asserts we

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

should wait for the OIG to finish his investigation of Mr. Gartenlaub's FISA Application.

But the Government cannot cure the constitutional violations of Mr. Gartenlaub's right to adversarial process and put on a complete defense no matter how long it takes it to respond. That's because the pervasive errors already revealed in the FISA Application process - new material evidence that could lead a jury to acquit - cannot be remedied by any ex-parte assertions or proceedings, but only by the constitutionally mandated adversarial criminal process the Sixth and Fifth Amendments require. Failure to use the adversarial process on critical evidence and substituting secret, ex-parte proceedings - corrupts any substantive determinations that emerge from the ex-parte process because they were determined unchallenged by the defendant. The constitutional procedural defect renders any substantive rulings born of it constitutionally defective as well.

The pervasive errors already discovered by the OIG in every FISA Application examined are proof the FISA Application process lacks integrity and that the Government's assertions otherwise aren't credible. On its face, the FISA Application process has been corrupted by its ex-parte nature, beyond the OIG's disturbing but unsurprising discoveries of rampant error in the process. For instance, Mr. Gartenlaub's wife is a Chinese- American. The DOJ has a history of failed racist FISA prosecutions against Chinese Americans.[1]. If Mr. Gartenlaub had been able to challenge his FISA Application in the crucible of an adversarial proceeding, the FISA Application process's corruption would likely have come to light in the context not only of his case, but of the erroneous and racist FISA prosecutions initiated and eventually dropped by DOJ against Chinese-Americans.

---

[1] *See, e.g.,* Matt Apuzzo, *Former Espionage Suspect Sues, Accusing F.B.I. of Falsifying Evidence*, N.Y. TIMES, May 10, 2017 ("Each case raised the specter of Chinese espionage without explicitly charging the suspects as spies."), available at https://www.nytimes.com/2017/05/10/us/politics/fbi-xi-xiaoxing.html.

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

Throughout this case, the Government has assured us that we can trust their FISA process's integrity. The OIG's initial investigation has proved that proposition false. This is a material fact that Mr. Gartenlaub only recently learned of and promptly brought to the Court's attention. The denial of his constitutional right to adversarially challenge the critical FISA evidence, in this case, denied him his right to put on a complete defense. Knowing that the Government's case emerged from an error-laden, secretive process raises reasonable doubt about the Government's case that leads to a probable acquittal. This Court should vacate Mr. Gartenlaub's conviction, or vacate the rest of Mr. Gartenlaub's sentence and onerous lifetime terms of supervised relief so he can move on with his life without incident, as he did before this Kafkaesque case, and as he has done since serving his three years and five months prison sentence without incident. In the alternative, the Court should order a new trial and the Government to produce its FISA Application to the Defense.

## Background

In March 2020, DOJ Inspector General, Michael Horowitz, issued a preliminary report documenting errors in every FISA Application he examined.[2] The Washington Post, Newsweek, the Associated Press, among other outlets, covered it, and it has drawn the attention of Congress members. Representative Ted W. Lieu of California's 33rd Congressional District wrote Inspector General Horowitz after reading about Petitioner's case and asked him to investigate.[3]

---

[2] *(Mot. to Supp. Habeas Corpus Pet. Filing, Dkt. No. 11.)*

[3] *See Ellen Nakashima, A former Boeing manager suspected of spying for China says that he, like Carter Page, was the victim of a flawed national security investigation*, Wash. Post (Feb. 25, 2020) https://www.washingtonpost.com/national-security/a-former-boeing-manager-suspected-of-spying-for-china-says-that-he-like-carter-page-was-the-victim-of-a-flawed-national-security-investigation/2020/02/18/9371dd60-4dd3-11ea-9b5c-eac5b16dafaa_story.html; Jeff Stein, Target in China Spy Probe, Appealing Porn Sentence, Newsweek (Oct. 3, 2016) https://www.newsweek.com/keith-gartenlaub-spy-china-appeal-505572; Eric Tucker, How a spy probe wound up as a child pornography prosecution, Associated Press (April 6, 2016)

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

Recently, Inspector General Horowitz informed Mr. Gartenlaub that he was investigating the FISA Application in this case.[4]

On April 22, 2020, Petitioner Keith Gartenlaub filed his initial habeas corpus petition through undersigned *pro bono* counsel.[5] On April 30, 2020, the Government was served.[6] On August 27, 2020, Petitioner filed a Motion for Leave to Supplement his Petition in light of the new fact of the DOJ Inspector General's investigation of the Government's FISA Application in this case.[7] The Government was served a copy of the motion on the same date.[8] On August 28, 2020, the Court granted Petitioner's Motion for Leave to Supplement.[9] The Government received a copy of the Court's decision by ECF notification.[10] On the same day, this Court ordered the Government to file an answer to the Petitioner's habeas corpus petition by September 18, 2020, in its decision on the Motion for Leave to Supplement.[11] On November 20, 2020, Petitioner filed a Motion for Default Judgment.[12] On November 26, 2020, the Government appeared, and the Parties agreed to a Two Month continuance.[13] The Government's Opposition was due on January 25, 2021. On January 21, 2021, the Government filed a request for a six-month extension to file their Opposition.[14]

---

https://apnews.com/article/6305e8ddfb5b4785ae5df5be3cff41e8; (Habeas Corpus Petition of Keith Preston Gartenlaub, 6-17, Dkt No. 1); (Motion to Supplement Habeas Corpus Petition Filing, 2-4 Dkt. No. 11).

[4] (Mot. to Supplement Habeas Corpus Petition Filing, Dkt. No. 11.)
[5] (Habeas Corpus Pet., Dkt No. 1.)
[6] (Clerk Not. of Deficiency, Dkt No. 6.)
[7] (Not. Of Mot. & Mot. to Supplement Habeas Corpus Pet., Dkt. No. 11.)
[8] (Not. Of Mot. & Mot. to Supp. Habeas Corpus Pet., Dkt. No. 11.)
[9] (Order Granting Mot. for Leave to Supp., Dkt. No. 12.)
[10] L.R. 5.-3.2.1 ("service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served.")
[11] (Order Granting Mot. for Leave to Supp., Dkt. No. 12.)
[12] (Mot. For Default Judgement, Dkt. No. 18.)
[13] (Stipulation Den. Mot. for Default Judgment as Moot and Setting Br. Sched., Dkt. No. 23.)
[14] (Ex Parte Application for an Extension of Time, Dkt. No. 26.)

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

**Argument**

For months, the Government ignored this Court's valid order to respond to Petitioner's Habeas Corpus Petition based on new evidence of pervasive errors in the Government's FISA Application process. The Government only responded after the Petitioner filed for Default Judgment. Mr. Gartenlaub then agreed to a two-month extension for the Government to respond and withdrew his Motion for Default. Now the Government asks for another half a year, maybe more, to respond. The Government has been sitting on its hands despite material evidence that raises a reasonable doubt about the evidence at the heart of its case. The Court should not allow the Government to delay anymore. If the Government cannot timely respond then, the Court should either vacate Mr. Gartenlaub's conviction or vacate his sentence and end his onerous lifetime supervised release so he can move on with his life. In the alternative, the Court should order the Government to produce Mr. Gartenlaub's FISA Application for adversarial review and no longer take the Government's word that its ex-parte representations are accurate, reliable, and entitled to deference, and then order a new trial.

There is no need to delay this process, waiting for the overburdened Inspector General's investigation when the mere fact that all twenty-nine FISA Application Inspector General Horowitz surveyed contained errors - with each application averaging twenty errors. Should the OIG eventually find evidence of errors in Mr. Gartenlaub's Application that will constitute another independent basis under for vacating his conviction or ordering a new trial if necessary. But the fact that the Government's entire FISA Application process is riddled with multiple errors in each application that the Inspector General reviewed is necessary and sufficient standing alone, as it is a material fact that raises reasonable doubt with a jury and leads to a probable acquittal.

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

**I.    Petitioner Was Denied His Sixth Amendment Right to Adversarial Process and His Fifth Amendment Due Process Right to A Complete Defense**

The Sixth Amendment mandates adversarial proceedings as the foundation of our criminal justice system. The reason is simple: ex-parte proceedings are unreliable because they allow the Government to make unchallenged allegations against people.[15] Denying a criminal defendant's Sixth Amendment right to adversarial process further violates the Fifth Amendment's Due Process Clause because, among other things, it violates a defendant's right to put on a complete defense.[16] Particularly in a domestic criminal case like this one with no evidence in the record implicating national security but in which the Government uses the mantle of national security to cloak its search and seizure of the evidence central to its case.

Without the fruits of the FISA search, the Government has no case. There is a direct and causal line between the FISA Application at issue here and Mr. Gartenlaub's connection. The integrity of his FISA Application is no ancillary issue. Nor is it ancillary that the DOJ's own Inspector General found errors in every FISA Application he looked at. This is a stand-alone material fact for both judge and jury that was hidden from both. This new evidence establishes a violation of Mr. Gartenlaub's Sixth Amendment right to adversarial process and his Fifth Amendment Due Process right to put on a complete defense because it is a material fact that probably leads to a jury acquittal. And it is a material fact relevant to

---

[15] *See, e.g., United States v. Cronic*, 466 U.S. 648, 655 (1984) ("The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free.") (quoting *Herring* v. *New York*, 422 U.S. 853, 862 (1975)).

[16] *See, e.g., Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" (citations omitted)); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) ("The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.").

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

defense counsel's strategic and tactical choices. This justifies this Court vacating Mr. Gartenlaub's conviction and sentence or ordering a new trial.[17]

## II.   Only Adversarial Proceedings Can Cure the Constitutional Due Process Defect

As stated above, the Court should either vacate Mr. Gartenlaub's conviction, order a new trial, or vacate the sentence. No matter what the OIG comes back with, the only thing that can cure the Constitutional defect, in this case, is an adversarial proceeding or vacating the sentence. The basics of due process mandate an adversarial process; this is why we have this rule in the first place. The Government has stated that the FISA applications' process had credibility-but now we know (thanks to the OIG's investigation) the high likelihood that every FISA application has errors.

## III.   The Six-Month Extension Prejudices the Petitioner

Petitioner has served his punishment and has never exhibited behavior that warrants the demanding surveillance and limitations of lifetime probation. Petitioner served his prison time without incident and has been on probation for nearly two years without incident. Petitioner now faces onerous lifetime conditions of supervised release. The conditions severely hamper his ability to work and make a living for him and his wife. His travel is severely restricted; he must give thirty days' notice to travel outside the Central District of California. These restrictions require Probation Office approval and often approval from a counselor before any travel. He's not been allowed to visit his elderly father in his nursing home in Ohio. And he is forbidden from traveling internationally. The sex offender registration requirements have consistently prevented the Petitioner from obtaining and holding

---

[17] *See, e.g., Spivey v. Rocha*, 194 F.3d 971, 979 (9th Cir. 1999) ("For a petitioner to be entitled to habeas relief based on new evidence, he must establish that the new evidence "bears on the constitutionality of [his] conviction and would probably produce an acquittal." (citing *Swan v. Peterson*, 6 F.3d 1373, 1384 (9th Cir. 1993)).

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

gainful employment and have often led to his residential neighbors' eviction attempts. He is also required to attend weekly therapy and random polygraph tests. In the interests of justice, this Court should vacate the rest of Petitioner's sentence.

## Conclusion

The DOJ's Inspector General's revelation of multiple errors in every top-secret FISA Application he examined - averaging twenty an application - is new evidence of a material fact hidden by the Government upon which a jury would probably acquit. It is a material fact that establishes that the Government's prosecution violated the Petitioner's Sixth Amendment right to adversarial criminal proceedings and his Fifth Amendment Due Process right to put on a complete defense. After first ignoring the facts presented in Mr. Gartenlaub's Petition and an order from this Court to respond to his Petition, the Government only appeared after a Motion for Default Judgment was filed. Mr. Gartenlaub then agreed to give the Government two more months to respond and withdrew his Motion for a Default Judgment. One week before its response is due, the Government asks for half a year or more to respond.

The Government has had ample time to respond and is avoiding the issue because it cannot cure the magnitude of the constitutional violations in this domestic criminal case. A case that is masked with an error-prone national security search and seizure procedure. This Court should deny the Government's Motion for a Six Month Extension to oppose and vacate Mr. Gartenlaub's conviction and sentence. In the alternative, it should vacate the rest of his sentence and end his onerous lifetime conditions of supervised relief, or order a new trial.

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION

DATED:  January 29, 2021

/s Tor Ekeland (*pro hac vice*)
Tor Ekeland (NY Bar No. 4493631)
(*pro hac vice*)
**Tor Ekeland Law, PLLC**
30 Wall Street, 8th Floor
New York, NY 10005-2205
Telephone: (718) 737-7264
tor@torekeland.com

Mark Jaffe (Ca. Bar No. 315950)
**TorMark Law LLP**
2120 University Ave.
Berkeley, CA 94704
(718) 737-7264
mark@torekeland.com

*Pro Bono Attorneys for Petitioner*
*Keith Preston Gartenlaub*

OPPOSITION TO THE GOVERNMENT'S EX PARTE REQUEST
FOR A 6 MONTH EXTENSION