UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Dkt. 1, filed on APRIL 22, 2020)

## I. INTRODUCTION

On April 22, 2020, Keith Preston Gartenlaub filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction for knowingly possessing child pornography under 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2), or, in the alternative, for the Court to grant a new trial or vacate his life term of supervised release. See dkt. 1-1 ("Habeas Petition").

On August 27, 2020, petitioner filed a motion to supplement his petition. Dkt. 11. On August 28, 2020, the Honorable Otis D. Wright, Judge presiding, granted petitioner's motion to supplement, and ordered the government to file an answer by September 18, 2020. Dkt. 12. On November 20, 2020, petitioner filed a motion for default judgment. Dkt. 18.

On November 23, 2020, the case was reassigned to this Court. Dkt. 21. On November 26, 2020, petitioner and the government filed a joint stipulation to withdraw petitioner's motion for default judgment and to set a briefing schedule. Dkt. 23. On November 30, 2020, the Court denied petitioner's motion for default judgment as moot, and ordered the government to file a response to petitioner's habeas corpus petition by January 25, 2020. Dkt. 24. On September 13, 2021, the government filed its opposition. Dkt. 39 ("Gov. Opp."). On November 11, 2021, petitioner filed a reply in support of his habeas petition. Dkt. 45 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

Petitioner's habeas claim stems from the release of a report by the Department of Justice Office of the Inspector General "documenting serious errors" in the Federal Bureau of Investigation's ("FBI's") Foreign Intelligence Surveillance Act of 1978 ("FISA") applications "from around the same time period as [petitioner's] own FISA application was filed and warrant issued." Dkt. 1 See infra Sec. II.A at 6 (providing background on the investigation).

Since petitioner's conviction for child pornography "originated from a FISA application and investigation," petitioner alleges that the release of the Office of the Inspector General Reports ("IG Reports") compels the Court to vacate petitioner's sentence because the IG Reports suggest that "[t]he evidence used to convict [petitioner] was the fruit of an unconstitutional warrant." Dkt. 1 at 26. According to petitioner, the IG Reports are "new evidence" which would lead a jury to find reasonable doubt as to petitioner's innocence; and further, the unavailability of the IG Reports at the time of trial prevented petitioner from putting on a complete defense. Habeas Petition at 1. CR dkt. 115 at 2; dkt. 39 at 3:3-5.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

In early 2013, the FBI began investigating petitioner on the suspicion that he had leaked design details of the Boeing C-17 military cargo aircraft to the Chinese government. See 8:14-CR-00173-CAS ("CR") dkt. 115 at 8. Pursuant to that investigation, on June 18, 2013, the Honorable Andrew J. Wistrich, Magistrate Judge presiding, issued a search warrant for petitioner's personal email account, based on an affidavit from FBI employee Wesley K. Harris. Id. at 7.

In January 2014, law enforcement agents conducted physical searches of petitioner's Irvine, California residence pursuant to an authorization from the Foreign Intelligence Surveillance Court ("FISC"). CR dkt. 115 at 2; dkt. 39 at 3:3-5. During the January 2014 searches, the agents obtained forensic images and copies of three hard drives later determined to contain child pornography. CR dkt. 115 at 2-3.

On August 22, 2014, the Honorable Douglas F. McCormick, Magistrate Judge presiding, signed four Fed. R. Crim. P. 41 search warrants ("Rule 41 warrants"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

authorizing the search of petitioner's residence and storage units for evidence of receipt or possession of child pornography. Id. at 1, 13; dkt. 207 at 2. The Rule 41 warrants were supported by an affidavit from FBI Agent Kenneth F. Cooper, who explained that each of the three hard drives searched in January 2014 contained identical copies of a folder labeled "OrigData," which contained subfolders with nearly identical collections of child pornography. CR dkt. 115 at 3.

On August 27, 2014, officers conducted the searches authorized by the Rule 41 warrants. Id. at 13. Evidence seized during the searches included the same three hard drives that had been copied during the January 2014 searches, in addition to a fourth hard drive containing three more versions of the "OrigData" folder. Id.

On the same day, petitioner was charged with one count of violating 18 U.S.C. § 2252(a)(5)(B) for knowingly possessing child pornography. CR dkt. 1 at 18. On October 23, 2014, a grand jury returned a two-count indictment charging petitioner with knowingly receiving and attempting to receive child pornography under 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1), and with knowingly possessing child pornography involving a prepubescent minor and a minor under twelve under 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2). CR dkt. 36.[1]

During the criminal proceedings, on February 3, 2015, petitioner filed a motion under seal seeking the disclosure of the FISA applications and warrants, the suppression of the fruits of the searches authorized by the FISA warrants, and a Franks hearing concerning the FISA warrants. CR dkt. 70. Franks v. Delaware, 438 U.S. 154 (1978).[2] Id.; CR dkt. 73. On August 6, 2016, the Court denied petitioner's motion. CR dkt. 114. Among other findings, the Court held that the defendant "made no preliminary

---

[1] No evidence has been found related to petitioner's alleged leaking of information about the Boeing C-17, and petitioner has never been charged with any espionage-related crimes. CR dkt. 115 at 7.

[2] In Franks v. Delaware, the Supreme Court held that where a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks, 437 U.S. at 155-56.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

or substantial showing of a false statement," and that there was "no indication of any such false statements in the FISA applications." Id. at 5:13-20.

On December 10, 2015, a jury rendered a guilty verdict on both counts of the indictment. CR dkt. 159. Prior to sentencing, the Court vacated petitioner's conviction for receipt of child pornography on the grounds that it was "multiplicitous." CR dkt. 207, 210. On August 29, 2016, the Court sentenced petitioner to forty-one months imprisonment followed by a life term of supervised release, and ordered him to pay restitution in the amount of $3,430. CR Dkt. 215.

On February 8, 2017, petitioner filed an appeal of his conviction before the Ninth Circuit. See Appellant's Opening Brief, Ninth Circuit Case No. 16-50339, Dkt. 31. In his appeal, petitioner made three principal arguments: (1) that the evidence was insufficient to sustain his conviction; (2) that the January 2014 searches violated his Fourth Amendment rights because the warrants failed to establish probable cause and likely contained material falsehoods or omissions; and (3) that the district court erred by denying petitioner access to the government's application to FISC and the FISC order authorizing the January 2014 searches. Id. at 9-10.

On October 2, 2018, a three-judge panel affirmed petitioner's conviction. United States v. Gartenlaub, 751 Fed. Appx. 998, 999 (9th Cir. 2018). The panel held that: (1) there was sufficient evidence to sustain petitioner's conviction, id. at 999-1000; (2) the district court did not commit plain error by failing to suppress the evidence obtained from petitioner's computer, id. at 1000; and (3) "[b]ased upon [the Ninth Circuit's] independent review of the classified record evidence," the FISA warrant was supported by probable cause, and the district court "did not err in finding that the government did not intentionally or recklessly make false statements," id. at 1000-01 (citation and quotation marks omitted). Subsequent petitions, for rehearing en banc by the Ninth Circuit and for a writ of certiorari from the Supreme Court, were denied. United States v. Gartenlaub, No. 16-50339, 2018 U.S. App. LEXIS 34558 (9th Cir., Dec. 7, 2018) at *1-2; 139 S. Ct. 1609, 1609 (2019). Petitioner was released from custody on or about January 30, 2019. Gov. Opp. at 2:25-27. Petitioner continues to serve his life term of supervised release. Id.

On April 22, 2020, petitioner filed a habeas petition under 28 U.S.C. § 2255, following the December 2019 IG Report which examined "four FISA applications

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

targeting a U.S. person," and found "among other things, that FBI personnel had failed to meet the FBI's scrupulously accurate standards and other requirements" when issuing FISA applications. Habeas Petition at 4-5. In response, the Office of the Inspector General conducted a subsequent investigation into the FBI's compliance with its factual accuracy review procedures, known as the "Woods Procedures," with an objective of "determin[ing] whether the significant errors found in that December 2019 [IG] report were indicative of a more widespread problem with Woods Procedures compliance." IG Report at ii. In September 2021, the Office of the Inspector General published the findings of the investigation in an audit. See Audit of the Federal Bureau of Investigation's Execution of Its Woods Procedures for the Applications Filed with the Foreign Intelligence Surveillance Court Relating to U.S. Persons (Sept. 30, 2021), https://oig.justice.gov/reports/audit-federal-bureau-investigations-execution-its-woods-procedures-applications-filed ("IG Report").[3] Of significance, to conduct its audit, the Office of the Inspector General focused on FISA applications between October 2014 and September 2019. IG Report at 4.

    A.    **The IG Report**

In 2001, the FBI adopted its "Woods Procedures" "to help ensure that FISA applications are 'scrupulously accurate.'" IG Report at i. In accordance with the "Woods Procedures," each FISA application is required to have an "accuracy sub-file," known as a "Woods File." IG Report at 3. In addition to the "Woods File," prior to the submission of an application to FISC, both the FBI case agent and the Supervisory Special Agent are required to affirm that they have "reviewed each factual statement in the application and verify that it is accurate and supported by documentation in the 'Woods File.'" Id. at 4. The IG Report's objectives were to "evaluate the FBI's execution of and compliance with

---

[3] In March 2020, the Office of the Inspector General issued a Management Advisory Memorandum reporting the preliminary findings of its investigation. See IG Report at i. Petitioner's initial petition, which pre-dates the September 2021 IG Report, is premised on the advisory memorandum; however, petitioner's filings subsequent to the release of the IG Report reference the full report. See, e.g., Reply at 3 n. 5. The Court considers the full report in its decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'    JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

its 'Woods Procedures,' as well as to assess [the National Security Division's] oversight efforts in the FISA application accuracy process." Id.

To evaluate FBI compliance with the "Woods Procedures," the IG reviewed a "judgmentally selected sample of 29 FISA applications," out of approximately 7,000 applications, for electronic and physical searches of U.S. persons from 2014 to 2019. Id. at 8. Out of this sample of 29 FISA applications, the IG located 209 "instances of unsupported, inaccurate, or omitted information," plus an additional 209 instances where the "'Woods File' did not contain adequate documentation to support statements" in the application, for a total of 418 instances. Id. fig. 2.

Regarding the latter 209 instances, the FBI and the National Security Division's Office of Intelligence later told the Inspector General that "appropriate supporting documentation was later located in other holdings." Id. In addition, the IG determined that, out of the "universe of over 7,000 FISA applications for which 'Woods Files' appeared to be required," there were 183 applications where the "Woods File" appeared to be "missing or incomplete and requiring whole or partial reassembly." Id. at 14.

Among the 209 instances of "unsupported, inaccurate, or omitted information," the Department of Justice determined that four were "material errors." Id. at 10. The Department of Justice "assessed that none of these 209 errors undermined or otherwise impacted FISC's probable cause determinations." Id.

### III. LEGAL STANDARD

#### A. 18 U.S.C. § 2255

Under 18 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Generally, "§2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2018) (internal quotation marks and citation omitted). A § 2255 motion may be resolved without an evidentiary hearing if "the motion and the files and records

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

    1.    <u>General Relitigation Bar</u>

Pursuant to the "law of the case" doctrine, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." See <u>United States v. Currie</u>, 589 F.2d 993, 995 (9th Cir. 1979); see also <u>United States v. Scrivner</u>, 189 F.3d 825, 827-828, 828 n.1 (9th Cir. 1999); <u>Medrano v. United States</u>, 315 F.2d 361, 362 (1963) ("Grounds which were apparent when appellant took the original appeal cannot be made the basis for a second attack under § 2255.") (citation omitted).

The fact that an issue is "stated in different terms is of no significance." <u>United States v. Currie</u>, 589 F.2d 993, 995 (9th Cir. 1979) (citing <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963)). "[I]dentical grounds may often be proved by different factual allegations," "supported by different legal arguments," "couched in different language," or "or vary in immaterial respects." <u>Sanders</u>, 373 U.S. at 16 (noting that, for example, a claim of involuntary confession predicated on alleged psychological coercion is the same "ground" as one predicated on alleged physical coercion.). Doubts about whether two grounds are the same "should be resolved in favor of the applicant." <u>Id.</u> "Section 2255 was not passed to give defendants several, or any, additional appeals." <u>Medrano</u>, 315 F.2d at 362.

A court may depart from the "law of the case" under five circumstances: (1) if the first decision was clearly erroneous; (2) if an intervening change in the law has occurred; (3) if the evidence on remand is substantially different; (4) if other changed circumstances exist; or (5) if a manifest injustice would otherwise result. <u>Scrivner</u>, 189 F.3d at 828 (citing <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997)). Courts will consider whether any of these exceptions apply even if not raised or addressed by a § 2255 petitioner. See <u>Smith v. Ryan</u>, No. CV-87-234-TUC-JMR, 2010 U.S. Dist. LEXIS 57500 (May 11, 2010) at *13.

    a)    <u>Fourth Amendment Religitation Bar</u>

Specifically for Fourth Amendment claims, a petitioner may not be granted federal habeas corpus relief where the individual was provided the opportunity to litigate the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

claim fully and fairly at trial. [4] See Stone v. Powell, 428 U.S. 465, 494 (1976) (declaring rule for those convicted of state crimes); see also United States v. Johnson, 457 U.S. 537, 562 n.20 (1982) (noting that after Stone, the "only cases raising Fourth Amendment challenges on collateral attack are" those where a state prisoner did not receive an opportunity to fully and fairly litigate his claim and "analogous federal cases under 28 U.S.C. § 2255[.]").

## IV.   DISCUSSION

Petitioner makes two principal claims for relief. Habeas Petition at 4. First, petitioner claims that the release of the IG Report "raises far more than the likelihood of a different outcome if both [the] judge and jury were aware of the systemic nature of the errors and omissions in the FISA application process." Id.[5]

Second, petitioner claims that the "new evidence" from the report "constitutes a denial of [his] right to put on a complete defense." Habeas Petition at 21:14-15, 22:1. Specifically, petitioner argues that if he had access to the IG Report, his computer expert would have testified "not only to the government's faulty forensics, but on the fact that the FISA search is an evidentiary black hole to the [d]efense." Id. at 21:21-22. Moreover, petitioner claims that, had he had the IG Report, he would have "aggressively sought to place the issue of FISA in front of the jury." Id. at 21:23-24.

---

[4] The Fourth Amendment relitigation bar sweeps more broadly than the general relitigation prohibition, as it requires only that the petitioner had the *opportunity* to litigate the Fourth Amendment issue, not that the petitioner actually did litigate the issue. See, e.g., Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." (citations omitted)). Here, this distinction is not operative, given that petitioner did in fact raise his Fourth Amendment claims before the trial court and Ninth Circuit.

[5] Petitioner appears to be asserting an innocence claim. See id. at 19:7-20. Under House v. Bell, 547 U.S. 518, 536-37 (2006), "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

The government argues that petitioner's habeas claims are not cognizable for two reasons. See Gov. Opp. 15, 18. First, the government asserts that petitioner seeks to "relitigate claims that both this Court and the Ninth Circuit squarely considered and rejected," which is barred under Ninth Circuit precedent. Id. at 16:19-20. Second, the government argues that petitioner is barred from seeking a Franks hearing because he was provided a full and fair opportunity to raise Fourth Amendment issues, including his Franks claims, at trial and on direct appeal. Id. at 18:18-19:1.

Because petitioner's claims are not cognizable if the government's claims are valid, the Court addresses the merits of each of the government's procedural claims in turn.

### A. General Relitigation Bar

The government argues that the relitigation bar requires that petitioner's habeas petition be denied, because petitioner "seeks to relitigate claims that both this Court and the Ninth Circuit squarely considered and rejected." Gov. Opp. at 16:19-20. As a result, the government argues that the Court should deny petitioner's motion "in its entirety." Id. at 16:24-25.

The government asserts that prior to petitioner's trial, petitioner claimed error in the FISA application process. Id. at 16:20-22; see CR dkt. 70 (petitioner's motion during the criminal proceedings, seeking the disclosure of the FISA applications and warrants, the suppression of the fruits of the searches authorized by the FISA warrants, and a Franks hearing). During the criminal proceedings, this Court reviewed the FISA application *in camera* and *ex parte* 'with great care' and found that 'the government ha[d] complied with the rules in making FISA applications.'" Id. at 16:23-26 (quoting 8/6/15 Reporter's Transcript ("RT") at 3-4).

On appeal, the Ninth Circuit then conducted an "independent review" of the classified evidence, including an "*in camera* review of the underlying FISA materials." Gov. Opp. at 16:27-28, 17:7; see Gartenlaub, 751 Fed. App'x at 1000-01. The Ninth Circuit concluded: (1) that disclosure of the FISA materials was not necessary; (2) that there were no indications of possible misrepresentations of fact or any other factors that would indicate a need for disclosure; and (3) that there was no violation of petitioner's due process and Brady rights. Brady v. Maryland, 373 U.S. 83 (1963); see Gov. Opp. at 17:3-15; Gartenlaub, 751 Fed. App'x at 1000. The government asserts that these issues,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

decided on direct appeal, are the same issues that petitioner "seeks a new trial to relitigate," and that Ninth Circuit precedent is "clear and dispositive" that he cannot do so.  Gov. Opp. at 17:17, 17:21-23.

Further, the government argues that none of the exceptions to the relitigation bar apply here.[6] Id. at 17 n.6.  Specifically, the government argues that the IG Report does not constitute "substantially different" evidence or "changed circumstances." Id.  To support its argument, the government notes that petitioner already presented evidence to the Ninth Circuit of "alleged errors or discrepancies" identified with other "unrelated FISA applications." Id.; see also Appellant's Opening Brief, Ninth Circuit Case No. 16-50339, Dkt. 31 at 51.  Accordingly, the government argues, the IG Report does not count as "substantially different" evidence or "changed circumstances."

Petitioner does not address the government's arguments about the relitigation bar in his reply brief.  See generally Reply.  The Court, however, may consider whether the exceptions to the "law of the case" doctrine apply in the absence of petitioner raising or addressing the exceptions.  See Smith, U.S. Dist. LEXIS 57500 at *13.

Accordingly, the Court examines whether any exceptions to the "law of the case" exist here, and ultimately finds that the relitigation bar forecloses petitioner's claims because petitioner has not presented the Court with any new material evidence.

The most relevant Alexander exception to the relitigation bar here concerns whether the IG Report constitutes "substantially different" evidence than that which was available during trial.  Alexander, 106 F.3d at 876.[7]  However, cases that have relied on

---

[6] The five exceptions are: (1) if the first decision was clearly erroneous; (2) if an intervening change in the law has occurred; (3) if the evidence on remand is substantially different; (4) if other changed circumstances exist; or (5) if a manifest injustice would otherwise result.  Scrivner, 189 F.3d at 828 (citing Alexander, 106 F.3d at 876).

[7] Further, the Court finds that the "manifest injustice" exception to the "law of the case" ultimately does not apply here.  See Reply at 7-9. The Court notes that although the Ninth Circuit raised concerns about injustices arising from the government "decid[ing] that someone is a foreign agent based on secret information" and then "prosecut[ing] that individual for completely unrelated crimes discovered as a result of rummaging through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

the "substantially different" evidence exception deal with new evidence that directly and obviously concerns the merits of the case at hand. See, e.g., Mortimer v. Baca, 594 F.3d 714, 718-21 (9th Cir. 2010) (finding that there was "substantially different evidence" where plaintiffs and defendants produced "evidence in the form of exhibits and declarations" directly touching on the merits of the case). Here, the IG Report focused on FISA applications between October 2014 and September 2019, which petitioner concedes excludes the period of time in which the FISA application relevant to his case was made. Habeas Petition at 16 (noting that "[p]etitioner's FISA Application is from January 2014[.]"). Thus, unlike a typical case that relies on the "substantially different" evidence exception, petitioner's "new" evidence does not directly concern petitioner's case.[8]

---

[their] computer;" the Ninth Circuit nonetheless determined after an "independent review of the classified record evidence," that the FISA application and supporting materials "demonstrated probable cause to believe that Gartenlaub was an agent of a foreign power when the FISA order was issued." Gartenlaub, 751 Fed. App'x at 1000.

Petitioner does not put forward an argument as to why a manifest injustice would result from denying petitioner relief now. To the extent that there could have been manifest injustices tied to petitioner's FISA application, those injustices would have been apparent before the trial court and on appeal, see Gartenlaub, 751 Fed. App'x at 1000; and the IG Report does not provide new evidence that a manifest injustice would result from denying petitioner relief.

[8] The Court notes that even if, assuming *arguendo*, the IG Report did cover FISA applications during January 2014—the time period in which the FISA application involving petitioner was filed—the IG Report did not identify any errors, in any of the FISA applications it reviewed, that "undermined or otherwise impacted FISC's probable cause determinations." See IG Report at 10. Moreover, even if the IG Reports did locate errors in FISA applications generally, the IG Reports would still not be considered substantially different evidence here because the Ninth Circuit already "conducted an *in camera* review of the underlying FISA materials" in petitioner's case, and determined that the "district court did not err in finding that the government did not intentionally or recklessly make false statements" in petitioner's FISA application. Gartenlaub, 751 Fed. Appx. At 1001.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

Accordingly, the Court finds that petitioner's claims are barred by the relitigation bar. Both of petitioner's claim for relief—petitioner's actual innocence claim and his claim that he was denied the right to put on a complete defense—were addressed on direct appeal. Habeas Petition at 4. First, the Ninth Circuit held that "[t]here was sufficient evidence to sustain Gartenlaub's conviction for knowing possession of child pornography." Gartenlaub, 751 Fed. Appx. At 999. Second, the Ninth Circuit conducted an "independent review of the classified record evidence," and concluded that the district court did not err in denying petitioner a Franks hearing. Id. at 1000. Moreover, after conducting an *in camera* review of the underlying FISA materials, the Ninth Circuit determined that "the disclosure of the FISA materials to Gartenlaub was not necessary to make an accurate determination of the legality of the search." Id. at 1001 (quotation marks and citation omitted).

In this case, petitioner has offered no new evidence which undermines the decision of this Court or that of the Ninth Circuit. Indeed, the IG Report offers no new evidence pertaining to petitioner's case. And by its own terms, the IG Report finds, "that none of [the] errors" in the FISA applications it reviewed "undermined or otherwise impacted FISC's probable cause determinations." IG Report at 10. Accordingly, the Court finds that petitioner's habeas claims raise the same issues as those he already raised on direct appeal with no new supporting evidence, and thus his claims are subject to the relitigation bar. Cf. Sanders, 373 U.S. at 16.

B.  **Fourth Amendment Relitigation Bar**

Additionally, the government argues that petitioner's claim that he is entitled to a Franks hearing cannot be raised pursuant to 28 U.S.C. § 2255, because it is a Fourth Amendment claim, and petitioner already had a full and fair opportunity to assert that claim at trial. Gov. Opp. at 18:1-2, 19:13-15, 20:9-12. United States v. Youker, No. 2:14-cr-00152-SMJ-01, 2019 U.S. Dist. LEXIS 196001 (Nov. 12, 2019) at *3-4 (holding that the court was "prohibited from considering [the defendant's] Franks argument unless he was denied a "full and fair opportunity" to assert that claim at trial). The government notes that, here, the Court already "carefully considered [petitioner's] FISA motion, independently reviewed the underlying FISA application with great care, and concluded that the application stated probable cause." Gov. Opp. at 19:17-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-03711-CAS<br>8:14-CR-00173-CAS | Date | August 5, 2022 |
|---|---|---|---|
| Title | KEITH PRESTON GARTENLAUB V. UNITED STATES OF AMERICA | | |

Petitioner does not address the government's arguments concerning the prohibition on relitigation of Fourth Amendment issues in his reply brief.  See generally Reply. Because the Court has already found that the general relitigation bar requires the dismissal of all of petitioner's claims, the Court need not address the Fourth Amendment relitigation bar.  However, assuming *arguendo* that petitioner could show that one of the Alexander exceptions applies to the general religation bar, the Fourth Amendment relitigation bar necessitates the denial of petitioner's Fourth Amendment exclusionary rule claims under § 2255, because petitioner had a "full and fair opportunity" to assert his Fourth Amendment claim at trial.  106 F.3d at 876.

Accordingly, the Court finds that neither petitioner's complete defense claim nor petitioner's actual innocence claim are cognizable under the general relitigation bar. Further, petitioner's complete defense claim cannot be brought under § 2255 because petitioner had an opportunity to litigate his Franks claim fully and fairly before this Court and the Ninth Circuit.

**V.   CONCLUSION**

In accordance with the foregoing, **DENIES** petitioner's habeas petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |